**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ALBERT TAYLOR, | Case No.: 2:25-cv-00840-APG-NJK |
| Plaintiff | **Order (1) Granting in Part Plaintiff's Motion for Leave to File, (2) Denying Clark County and University Medical Center's Motion to Dismiss, and (3) Denying All Other Motions as Moot** |
| v. | |
| LAS VEGAS METROPOLITAN POLICE DEPARTMENT, et al., | |
| Defendants | [ECF Nos. 27, 30, 34, 48] |

Albert Taylor sues the Las Vegas Metropolitan Police Department (LVMPD), two unidentified officers, the City of Las Vegas,[1] Clark County, University Medical Center (UMC), Medic West Incorporated, and one of Medic West's unidentified EMTs for 12 claims arising from a medical emergency during his arrest in July 2023. Taylor asserts both federal and state law claims: (1) excessive force, (2) failure to intervene, (3) civil rights conspiracy, (4) false imprisonment, (5) deliberate indifference to medical needs, (6) Fourteenth Amendment denial of due process, (7) negligence, (8) battery, (9) intentional infliction of emotional distress, (10) violation under the Americans with Disabilities Act, (11) *Monell*[2] liability, and (12) First Amendment retaliation.

Taylor filed a complaint, but later filed a first amended complaint (FAC) after receiving leave to amend. ECF Nos. 1-1; 4; 11; 12. Unlike his first complaint, his FAC did not contain a statement regarding jurisdiction and venue or identify the parties to the suit. ECF Nos. 1-1 at 1-2; 12. That led LVMPD to move to dismiss, arguing that the FAC did not establish subject matter

---

[1] Taylor voluntarily dismissed all claims against the City of Las Vegas. ECF No. 14.

[2] *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978).

jurisdiction, personal jurisdiction, or venue. ECF No. 27. Clark County and UMC also moved to dismiss the FAC because they characterized all of Taylor's claims as professional negligence and argued that he failed to support his complaint with the required affidavit by a medical expert under NRS § 41A.071.[3] ECF No. 30. Taylor then sought leave to file a corrected FAC that includes a statement about jurisdiction, venue, and the parties' identities. ECF No. 34. Medic West thereafter moved for a more definite statement because the FAC did not detail which claims applied to it and the FAC was too vague for it to respond to. ECF No. 48.

I grant in part Taylor's motion for leave to file an amended complaint. He may file a second amended complaint that corrects the deficiencies in the FAC. I deny Clark County and UMC's motion to dismiss because expert medical affidavits are not required in federal court. Because I grant Taylor leave to amend, I deny as moot LVMPD's motion to dismiss and Medic West's motion for a more definite statement.

## I.   I GRANT IN PART TAYLOR'S MOTION FOR LEAVE TO FILE.

Federal Rule of Civil Procedure 15 requires district courts to "grant leave to amend freely when justice so requires." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001) (simplified). I apply this policy with "extreme liberality." *Id.* (quotation omitted). I take five factors into account "to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004).

---

[3] Under NRS § 41A.071, a district court "shall dismiss" without prejudice a professional negligence suit "if the action is filed without an affidavit that . . . [s]upports the allegations contained in the action" that is "submitted by a medical expert who practices or has practiced in an area that is substantially similar to the type of practice engaged in at the time of the alleged professional negligence."

Taylor's FAC does not identify the parties to the suit or contain a statement of jurisdiction and venue.  Taylor requests leave to correct his FAC to include a statement of jurisdiction and venue, identify the parties, and modify his allegations and claims.[4]  However, even his corrected version does not identify which defendants he is suing for which claims and does not support each claim with factual allegations regarding each defendant's actions. ECF No. 34-1.  I therefore deny Taylor's motion to file his proposed corrected FAC, but I grant him leave to file a second amended complaint in compliance with the following guidelines.

The amended complaint must be a complete document in and of itself and will supersede the FAC in its entirety. *Ramirez v. Cnty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015).  Any allegations, parties, or requests for relief from prior papers that are not carried forward in the second amended complaint will no longer be before the court.  The second amended complaint should identify the basis for the jurisdiction and venue of this court and identify each party.

I advise Taylor to support each claim with factual allegations because all complaints "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).  When claims are alleged against multiple defendants, the complaint should clearly indicate which claims apply to which defendant. *McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996).  The plaintiff should specifically identify each defendant and support each claim with factual allegations about each defendant's actions.  Where multiple claims are alleged, the complaint should identify which factual allegations give rise to each particular claim.  Taylor

---

[4] Clark County and UMC argue amendment would be futile because Taylor did not attach an affidavit by a medical expert as required by NRS § 41A.071.  However, as discussed below, this requirement does not apply in federal court.

should be aware that Federal Rule of Civil Procedure 8 requires "a short and plain statement of the claim." Thus, the second amended complaint should not include lengthy repetitions of statutes, rules, and filings in other cases.

In sum, I grant Taylor leave to file a second amended complaint that complies with these guidelines. I do not grant leave to file the corrected FAC that Taylor attached to his motion.

## II.      I DENY CLARK COUNTY AND UMC'S MOTION TO DISMISS.

Clark County and UMC argue that all of Taylor's claims must be dismissed because they sound in professional negligence and therefore require a medical expert affidavit under NRS § 41A.071.[5] NRS § 41A.071 does not apply in federal court because it is displaced by Federal Rule of Civil Procedure 8, which requires only "a short and plain statement of the claim" to file a complaint. *See Berk v. Choy*, 607 U.S. ----, 146 S. Ct. 546, 556-57 (2026). I therefore deny Clark County and UMC's motion to dismiss.

## III.     I DENY ALL OTHER MOTIONS AS MOOT.

LVMPD's motion to dismiss and Medic West's motion for a more definite statement both identify deficiencies in Taylor's operative complaint. Because I grant Taylor's motion for leave to file an amended complaint that will cure these deficiencies, I deny the motions as moot. But I encourage Taylor to review the arguments the defendants make in those motions when crafting his second amended complaint.

/ / / /

/ / / /

---

[5] Taylor opposes this motion with hallucinogenic citations to non-existent cases. To the extent Taylor has relied on artificial intelligence to write his papers, I caution him that it is his responsibility to check his case citations to ensure they are accurate and say what he claims they do. The failure to do so may expose him to sanctions under Federal Rule of Civil Procedure 11.

**IV.   CONCLUSION**

I THEREFORE ORDER that plaintiff Albert Taylor's motion for leave to file **(ECF No. 34) is GRANTED IN PART**.  He may file a second amended complaint that conforms with the above guidelines by April 10, 2026.

I FURTHER ORDER that defendants Clark County and University Medical Center's motion to dismiss **(ECF No. 30) is DENIED**.

I FURTHER ORDER that all other pending motions **(ECF Nos. 27, 48) are DENIED as moot.**

DATED this 13th day of March, 2026.

_____
ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE